# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAKE O'NEILL, and all others similarly
situated,

        Plaintiff,

v.                                       Case No:   6:18-cv-120-Orl-37GJK

SPEEDSTER SERVICES, LLC;
SHAILESH C. PATEL; and MAMTA S.
PATEL,

        Defendants.

---

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 32)** |
| **FILED:** | **September 6, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On March 26, 2018, Plaintiff filed an amended complaint against Defendants, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 19. On August 24, 2018, the parties filed a renewed joint motion (the "Motion") requesting approval of their settlement agreement (the "Agreement"). Doc. No. 32. For the following reasons, it is recommended that the Motion be granted.

## II.    <u>LAW</u>.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed how an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement*

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *does not appear reasonable on its face or there is reason to believe*
> *that the plaintiff's recovery was adversely affected by the amount of*
> *fees paid to his attorney, the Court will approve the settlement*
> *without separately considering the reasonableness of the fee to be*
> *paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

## III.   ANALYSIS.

### A.   Settlement of Plaintiff's FLSA Claim.

Plaintiff estimates that the total amount of overtime owed to him is $1,050, plus an equal amount of liquidated damages. Doc. No. 32 at 5. Under the Agreement, Plaintiff will receive $575 representing unpaid wages and $575 representing liquidated damages, the sum of which is $1,150. Doc. No. 32-1 at 2. Thus, Plaintiff's claim is compromised. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at \*2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves a bona fide dispute regarding Plaintiff's FLSA overtime claim. Doc. Nos. 19, 25. Defendants decided to settle the dispute to avoid "incurring additional expenses associated with litigation." Doc. No. 32 at 5. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

**B.      Attorney's Fees and Costs.**

Under the Agreement, Plaintiff's counsel will receive $2,500 for attorney's fees and costs. Doc. No. 32-1 at 2. The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery. Doc. No. 32 at 4, 5. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Agreement's attorney's fees and costs provision is fair and reasonable.

**C.      General Release Provision.**

The Agreement contains a general release. Doc. No. 32-1 at 3. Courts within this District have questioned the propriety of such a provision when evaluating the fairness and reasonableness of FLSA settlements. Regarding general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010).

General release provisions have been approved when the plaintiff receives separate consideration. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as

separate consideration for a general release); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for confidentiality and non-disparagement clauses). The Agreement states that Plaintiff will receive $350 as separate consideration for the general release. Doc. No. 32-1 at 2. Thus, the general release does not prevent approval of the Agreement.

## IV.   CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **GRANTING** the Motion (Doc. No. 32) to the extent that the Court finds the Agreement (Doc. No. 32-1) to be a fair and reasonable compromise of Plaintiff's FLSA claim and **DISMISSING this case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on September 11, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties